U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 5 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GABRIEL JENNINGS,<br>Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. CV05-1483-A |
| VERSUS | |
| FREDERICK MENIFEE, WARDEN,<br>Respondent | JUDGE F. A. LITTLE, JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255 by petitioner Gabriel Jennings ("Jennings") on August 17, 2005. Jennings is attacking the validity of his 1991 conviction and sentence, in the United States District Court for the Eastern District of Pennsylvania, for arson.

Jennings contends his arson conviction should be vacated pursuant to Jones v. United States, 529 U.S. 848, 120 S.Ct. 1904 (2000). Jennings raised this claim in a prior Section 2241 motion before this court, Jennings v. United States, No. 01CV1194 (W.D.La. 2001).¹ The district court dismissed that petition for lack of jurisdiction. On appeal, the Fifth Circuit affirmed the dismissal,

---

¹ Jennings also filed a prior Section 2241 petition in U.S. District Court for the District of Colorado which was denied on the merits. Jennings v. Holt, No. 1:00-CV-01780-ZLW (Dt.Co. 2000). However, the issues raised in that petition are unknown to this court.

concluding the district court lacked jurisdiction, Jennings could have raised his claims in one of his previous Section 2255 petitions, and Jennings's claims did not meet the savings clause requirements. Jennings v. U.S., 2002 WL 31688814, 54 Fed.Appx. 405 (5th Cir. 2002), cert. den., 537 U.S. 1241, 123 S.Ct. 1373 (2003) (see appellate brief).

Jennings is raising the same Jones claim in his current Section 2241 petition that he raised in his prior Section 2241 motion before this court. However, 28 U.S.C. § 2244(a) states:

> (A) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

See U.S. v. Tubwell, 37 F.3d 175, 177-178 (5th Cir. 1994) (failure to raise a new ground for Section 2241 relief constitutes an abuse of the writ under Section 2244(a)). Also, Ellis v. Olson, 27 Fed.Appx. 620, 2001 WL 1246661, *2 (7th Cir. 2001), citing Tubwell (Section 2244(a) bars successive petitions under Section 2241 directed to the same issue). Since Jennings has not raised any new issues in his Section 2241 motion, he has abused the writ and the court should not address the merits of his petition.[2]

---

[2] Alternatively, in Tyler v. Cain, 533 U.S. 656, 121 S.Ct. 2478 (2001), the Supreme Court expressly held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Tyler is applicable

2

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Jennings' successive Section 2241 petition for writ of habeas corpus be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND**

---

to second or successive habeas cases. Since Jennings' current habeas petition is both second and successive, and since the Supreme Court has not held that Jones is retroactively applicable on collateral review, Jones cannot apply to Jennings' case. See also, Dodd v. U.S., __U.S.__, 125 S.Ct. 2478 (2005); U.S. v. Swinton, 333 F.3d 481, 485 (3rd Cir.), cert. den., 540 U.S. 977, 124 S.Ct. 458 (2003). Therefore, Jennings cannot meet the savings clause retroactivity requirement as set forth in Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 534 U.S. 1001, 122 S.Ct. 476 (2001).

3

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of January, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE